IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| HEATH A. WILKINS, Register No. 99947, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4160-CV-C-NKL |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

Before the court is defendants' motion to dismiss. Plaintiff has filed suggestions in opposition and has also filed motions to amend his complaint.[1]

**Motions to Amend**

Plaintiff's motions to amend attempt to clarify his claims, the defendants, and what type of relief he is seeking. Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. Upon consideration, plaintiff's motions to amend are granted.

**Motion to Dismiss**

Defendants argue that plaintiff's claims should be dismissed for failure to state a claim on which relief may be granted. Federal Rule of Civil Procedure 8(a)(2) requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." It must give the defendant fair notice of the claim and grounds on which it rests. Conley v. Gibson, 355 U.S. 41, 47 (1957). Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level. . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

---

[1] This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

Thus, a complaint is properly dismissed under Federal Rule of Civil Procedure 12(b)(6) when it fails to state a claim upon which relief can be granted. When ruling on a motion to dismiss, the factual allegations in the complaint are accepted as true, and the court must determine whether they show the pleader is entitled to relief. At this stage, the complaint is construed liberally in the light most favorable to the plaintiff. Eckert v. Titan Tire Corp. 514 F.3d 801, 806 (8th Cir. 2008). "The complaint must 'provide a defendant with some indication of the loss and the causal connection that the plaintiff has in mind.'" Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (citing Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

Defendants

*Missouri Department of Corrections and Missouri Board of Probation and Parole*

Defendants argue that the Missouri Department of Corrections and Missouri Board of Probation and Parole are not proper defendants. In his response, plaintiff states he never intended Missouri Department of Corrections and Missouri Board of Probation and Parole to be defendants in this case, and his amended complaint does not identify them as defendants.

*Jay Nixon, Larry Crawford, Dave Dormire and Dave Schreimann*

Defendants argue that plaintiff fails to allege personal involvement necessary for a section 1983 claim against defendants Jay Nixon, Larry Crawford, Dave Dormire and Dave Schreimann. In response, plaintiff concedes his claims against defendants Nixon, Crawford and Dormire, and they are not listed as defendants in his amended complaint. Plaintiff's amended complaint seeks to continue with his claims against Schreimann, alleging that as the institutional parole officer, he plays a role in reporting to the Parole Board, and possibly interpreting applicable law as to plaintiff's parole eligibility. Because of Schreimann's alleged involvement in plaintiff's parole decision, defendants' motion to dismiss Schreimann should be denied. The claims against Schreimann, however, are limited to those which survive defendants' motion to dismiss, as set out below.

Claims

*Due Process*

Defendants argue that plaintiff has no liberty interest in parole, and therefore, his due process claims fail. Defendants further argue that plaintiff's allegation that they failed to properly apply parole regulations fails to state a claim.

The Due Process Clause protects the liberty interests specifically set forth in the Clause itself or which are created by state law. Nolan v. Thompson, 521 F.3d 983, 989 (8th Cir. 2008). The Supreme Court held in Greenholtz v. Inmates of Nebraska Penal & Corrections, 442 U.S. 1, 7 (1979), that an inmate does not have a protected liberty interest under the Constitution in the possibility of parole. Instead, it recognized that a liberty interest in parole only exists if it is created by state law. Nolan, 521 F.3d at 989. "[A] state law may create such a liberty interest when its statutes or regulations place substantive limitations on the exercise of official discretion or are phrased in mandatory terms." Id. "When a state creates a liberty interest in parole release, minimal due process standards apply to protect that interest." Id.

Plaintiff's argument that the Missouri statutes and/or regulations contain requisite mandatory language to support a liberty interest in parole or parole eligibility is contrary to the holding of the Eighth Circuit and Missouri State Courts. In 1982, prior to the time that plaintiff committed his offenses, Mo. Rev. Stat. § 217.690 was enacted to replace section 549.261. Both Missouri state courts and federal courts have held that this new statute and its regulations do not, pursuant to Greenholtz, 442 U.S. at 1, provide a liberty interest in parole. Williams v. Missouri Bd. of Prob. and Parole, 661 F.2d 697 (8th Cir. 1981); Cavallaro v. Groose, 908 S.W.2d 133, 134-35 (Mo. 1995). See also Adams v. Agniel, 405 F.3d 643, 645 (8th Cir. 2005). Therefore, because plaintiff has no liberty interest under the Due Process Clause itself or pursuant to Missouri state law, he cannot state a claim that his rights under the Fourteenth Amendment Due Process Clause have been violated.[2]

---

[2] McCall v. Delo, 41 F.3d 1219, 1221 (8th Cir. 1994) (There is no liberty interest in parole, and therefore, no violation of due process in revocation of presumptive parole date. Furthermore, presumptive parole date was nothing more than a projected release date for the inmate if he manages to meet the statutory preconditions for release. Presumptive release date did not establish that statutory preconditions for release had been met.)

3

Plaintiff's allegation that defendants are not correctly applying Missouri parole statutes and regulations also does not support a due process claim. Inmates do not have a liberty interest in having state officers follow state law, or prison officials follow prison regulations. Phillips v. Norris, 320 F.3d 844, 846 (2003). "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). "[T]he Due Process Clause does not federalize state-law procedural requirements." Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996). Thus, because plaintiff has no liberty interest in parole or his parole eligibility, his allegations of failure to follow state law and/or procedures, fail to support a denial of due process claim. See id. (inmate's argument that state failed to follow its own procedural rules, and thus, failed to afford him the due process of law mandated by the Constitution failed to state a claim).

*Ex Post Facto*

Parole Regulations

Plaintiff alleges that his ex post facto rights have been violated by the new changes in Missouri parole regulations, citing 14 C.S.R. § 80-2.010(4)(H) (2007), which plaintiff alleges now provides that an inmate serving a life sentence does not fulfill the retributive and deterrent portion of his sentence of incarceration (also known as minimum prison term) until the completion of 25-plus years. Plaintiff alleges the previous regulation in effect from 1988 through 2007 provided specifically that an inmate serving a life sentence had served the deterrent and retributive portion of his sentence after fifteen years. Plaintiff alleges that a finding as to when he has served the retributive and deterrent portion of his sentence as set forth in the parole regulation is the equivalent to a finding of when the circumstances of his offense no longer prevent his parole consideration. Plaintiff alleges that the ex post facto application of the new parole regulation requiring 25-plus years prior to parole eligibility is evidenced by the Board's cited reason for his denial: "[r]elease at this time would depreciate the seriousness of the present offense based upon the following: A. Circumstances surrounding the present offense." Plaintiff alleges that he has already served more than fifteen years, and therefore, clearly, the defendants are improperly applying the new regulation because they are considering the circumstances surrounding his offense to deny him parole. Plaintiff alleges that this retroactive application of

4

14 C.S.R. § 80-2.010 has resulted in the Parole Board improperly considering him ineligible for parole release based on the circumstances of his offense.

Defendants argue that the Parole Board's finding that plaintiff's "release at this time would depreciate the seriousness of the present offense," is the equivalent of a finding by the Board that plaintiff cannot be released "without detriment to the community or himself;" which is the required standard for release on parole regardless of whether or not the inmate has served the retributive and deterrent portions of his sentence. McCall v. Delo, 41 F.3d 1219, 1221 (8th Cir. 1994). Defendants argue that it is not synonymous with "deterrence and retribution." Defendants are correct on that issue. Defendants also argue that in light of McCall v. Delo, the Board's consideration of the circumstances surrounding the present offense cannot create a sufficient risk of increasing the measure of plaintiff's punishment for his crimes because the Missouri parole statute authorizes such consideration.

Section 10 of Article I of the United States Constitution prohibits the states from passing any "ex post facto law." The Clause is aimed at laws which retroactively alter the definition of crimes or increase the punishment for criminal acts. California Dep't of Corr. v. Morales, 514 U.S. 499, 504 (1995). To succeed on claims that a law is in violation of the Ex Post Facto Clause, a prisoner must prove: (1) that the law was applied to events occurring before its enactment; and (2) that he was disadvantaged by the application of the law. California Dep't of Corr. v. Morales, 514 U.S. 499 (1995); Burnside v. White, 760 F.2d 217, 220 (8th Cir. 1985); Maggard v. Moore, 613 F. Supp. 150 (W.D. Mo. 1985).

In the instant case, plaintiff's allegation that the new parole regulation was applied to his parole consideration is untrue on its face. The language of the new parole regulation, 14 C.S.R. § 80-2.010, indicates that plaintiff wouldn't be eligible or considered for parole prior to serving 25-plus years of his sentence. Plaintiff has not served 25 years, and by his own admission continues to be eligible for parole consideration and has received consideration by the Parole Board.

Further, plaintiff's claim that the Parole Board's decision to deny him parole based on a finding that release at this time would depreciate the seriousness of his crimes, fails to support his allegation that new parole regulation is actually being applied to him. As argued by defendants, the Eighth Circuit has specifically held that the basis given by the Parole Board for

5

denying plaintiff's parole is the proper standard to be applied in parole consideration under Missouri's present and prior parole statutes. McCall v. Delo, 41 F.3d 1219, 1221 (8th Cir. 1994) (discussing Burnside v. White, 760 F.2d 217, 221 (8th Cir. 1985)).

Furthermore, despite plaintiff's continued insistence that under the previous regulation, 14 C.S.R. § 80-2.010, he is deemed to have fulfilled the retributive and deterrent portion of his sentence of incarceration after fifteen years, the regulation specifically states, "[f]or inmates serving multiple life sentences or other sentences concurrent or consecutive to a life sentence, the board, due to nature and length of the sentences, may determine not to set a minimum eligibility date." Plaintiff concedes he is serving three life sentences. Thus, plaintiff's assertion that fifteen years is the maximum prison sentence for the fulfillment of the retributive and deterrent part of his multiple life sentences is refuted by his own admission. Because plaintiff has three consecutive life sentences, the parole regulations did not set any presumptive number of years which satisfy the retributive and deterrent portion of the sentence. Thus, the new regulation providing for 25 years does not disadvantage him because his multiple life sentences could completely preclude the setting of an eligibility date.

Therefore, this court finds plaintiff's allegations fail to support a claim that the new Missouri parole regulation, 14 C.S.R. § 80-2.010, has been retroactively and/or detrimentally applied to him. As set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. at ___, 127 S. Ct. at 1965, allegations must be sufficient to raise a right to relief above a speculative level; plaintiff's allegations that he has been disadvantaged by the retroactive application of Missouri parole regulation14 C.S.R. § 80-2.010 fail to meet this standard.

<u>Missouri Dangerous Felony Statutes</u>

Plaintiff's alleges that Missouri's 1994 "Dangerous Felony Statutes," Missouri Revised Statutes §§ 558.019 (1994) and 556.061, are also being retroactively applied to his parole consideration in violation of his rights under the Ex Post Facto Clause. Plaintiff alleges that the continued reliance by the Parole Board on the inherently unchanging circumstances of his crimes as the only reason for his parole denial, evidences the fact that the Board has predetermined his denial of parole and is, in fact, imposing, ex post facto, the mandatory 85 percent minimum of the dangerous felony statutes to his parole consideration.

Defendants argue that denying Wilkins parole based on the circumstances of his crime is not an ex post facto application of the law. Defendants argue that denying an inmate parole based on the seriousness of his crime has always been a valid reason under Missouri law. Defendants cite to the Eighth Circuit's holding in Maggard v. Wyrick, 800 F.2d 195, 197 (8th Cir. 1986), and Missouri Supreme Court's holding in Cavallaro v. Groose, 908 S.W.2d 133, 136 (Mo. banc 1995), in support of their argument that the serious nature of an inmate's crime has always been a compelling reason for the denial of parole under either the old Missouri parole statute, section 549.261 (1978), or the new parole statute, section 217.690 (1982).

Upon review, although the Parole Board's reason for denying plaintiff parole is valid under both the old and new Missouri parole statutes, plaintiff's claims go beyond allegations that the reason for denial of parole is invalid; plaintiff alleges that the Parole Board's real reason for denial of parole is the retroactive application of Missouri's 1994 Dangerous Felony Statutes' 85 percent mandatory minimum prison sentence to his parole consideration. Therefore, at this stage in the proceedings, plaintiff will be allowed to proceed solely on his claims alleging that Missouri Dangerous Felony Statutes' mandatory minimum prison terms are being applied to his parole consideration, in violation of the Ex Post Facto Clause of the Fourteenth Amendment to the United States Constitution.

*Declaratory and Injunctive Relief under Section 1983*

Missouri Parole Board members are absolutely immune from suit in their personal capacities. Mayorga v. Missouri, 442 F.3d 1128 (8th Cir. 2006). In their official capacities, they are immune to suit under the Eleventh Amendment for any damage claims, id.; however, the Ex Parte Young exception to immunity allows claims of prospective injunctive relief, to the extent they are alleged to be action in violation of the Constitution of federal law. Hansen v. Doe, 2008 WL 183269 *2 (D. Neb. 2008) (citing Heartland Academy Community Church v. Waddle, 427 F.3d 525, 530 (8th Cir. 2005)). Defendants' argument that they, in their official capacities, are immune to injunctive relief claims is without merit. Plaintiff can proceed on his ex post facto claims to the extent he seeks declaratory and prospective injunctive relief against named defendants in their official capacities.

*Duration of Confinement*

Defendants argue plaintiff's claims are not cognizable in an action, pursuant to 42 U.S.C. § 1983, because his claims seek a speedier release from confinement. However, as affirmed by the Supreme Court in Wilkinson v. Dotson, 544 U.S. 74 (2005), because plaintiff is proceeding only on his ex post facto claims (as set forth above), his claims are not barred under section 1983 because success on his ex post facto claims would not necessarily demonstrate the invalidity or duration of his confinement, but would enjoin the application of the Missouri violent offender 85 percent mandatory minimum to his parole consideration. The Parole Board would still maintain its discretion under Mo. Rev. Stat. § 217.690 on whether or not to grant plaintiff parole.

IT IS, THEREFORE, ORDERED that plaintiff's motions to amend are granted, and the clerk of court is ordered to file plaintiff's October 22, 2008 proposed amended complaint, as his amended complaint. [16, 17] It is further

ORDERED that the clerk of court modify the docket sheet to reflect only the defendants named in plaintiff's October 22, 2008 amended complaint. It is further

ORDERED that plaintiff's October 10, 2008 motion for an extension of time is moot. [14] It is further

RECOMMENDED that defendants' motion to dismiss be granted, in part, and denied, in part. [13] It is further

RECOMMENDED that defendants' motion to dismiss be granted on plaintiff's due process claims, and these claims be dismissed for failure to state a claim on which relief may be granted under 42 U.S.C. § 1983. It is further

RECOMMENDED that defendants' motion to dismiss be granted on plaintiff's ex post facto claims challenging changes in Missouri parole regulation, 14 C.S.R. § 80-2.010. It is further

RECOMMENDED that defendants' motion to dismiss be denied on plaintiff's ex post facto claims against defendants in their official capacities, seeking declaratory and injunctive

8

relief on claims that the mandatory minimums of the Missouri Dangerous Felony Statutes are being retroactively applied to plaintiff's parole.[3]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 7th day of May, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

---

[3]Therefore, should the District Judge adopt this court's recommendation, plaintiff's only remaining claim in this case will be his claim for declaratory and injunctive relief on the allegation that his rights under the Ex Post Facto Clause of the Fourteenth Amendment have been violated by defendants' retroactive application of Missouri Violent Offender Statutes to his parole consideration. Plaintiff is advised that upon such an order being entered by the District Judge, all further filings by plaintiff in this case should relate only to these specific remaining claims.