IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| HEATH A. WILKINS, Register No. 99947, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-4160-CV-C-NKL |
| | ) | |
| STEVE LONG, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT, RECOMMENDATION AND ORDER**

On March 11, 2009, plaintiff filed a motion for default judgment for defendants' failure to respond to his second amended complaint. Defendants responded in opposition and plaintiff replied.[1]

The court has discretion to enter a default judgment. F.T.C. v. Packers Brand Meats, Inc., 562 F.2d 9 (8th Cir. 1977). Defaults are not favored, however, Affanato v. Merrill Bros., 547 F.2d 138 (1st Cir. 1977), because ruling on the merits is encouraged. Wilver v. Fisher, 387 F.2d 66 (10th Cir. 1967). Generally, only a clear pattern of "delay or contumacious conduct" justifies entry of default judgment. Taylor v. City of Ballwin, 859 F.2d 1330, 1332 (8th Cir. 1988).

A review of the record indicates defendants have filed an answer and have shown a desire to defend this action. Default judgment is harsh and should not be entered where resolution on the merits is desired by defendants.

On March 19, 2009, plaintiff requested that this case be transferred from the Honorable Nanette K. Laughrey and reassigned to the Honorable Scott O. Wright because Judge Wright presided over substantially similar litigation in a previous case, Wilkins v. Bowersox, 886 F. Supp. 1503 (W.D. Mo. 1995). Wilkins v. Bowersox was a petition for habeas corpus relief and

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

did not address the paroles issues relevant to the current case. Given the considerable length of time between the cases and the differences in the legal issues, reassignment is not warranted.

On May 5, 2009, plaintiff requested a hearing on his pending motions. Several of the motions pending on May 5, 2009, have been ruled and others are being addressed by this report, recommendation and order. Therefore, plaintiff's request for a hearing is moot.

Likewise, on May 7 and July 15, 2009, plaintiff requested a pretrial conference, the entry of a scheduling order, and permission to commence written discovery. A scheduling order was entered on July 9, 2009, and the court does not deem it necessary to hold a pretrial conference at this time. Initial disclosures are due by August 18, 2009, and plaintiff should be able to obtain discovery in accord with the scheduling order.

IT IS ORDERED that plaintiff's motion of March 29, 2009, for reassignment of this case is denied. [23] It is further

ORDERED that plaintiff's motion of May 5, 2009, for a hearing on then pending motions is denied as moot. [25] It is further

ORDERED that plaintiff's motions of May 7and July 15. 2009, for a pretrial conference, entry of a scheduling order, and authorization to proceed with written discovery are denied as moot. [26, 27, 37, 38] It is further

RECOMMENDED that plaintiff's motion of March 11, 2009, for default judgment be denied. [20]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 4th day of August, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

3